KAREN K. HARRYMAN
VS.
WILLIAM J. HENDERSON
POSTMASTER GENERAL
U.S. POSTAL SERVICE

-1-

B-01-025
MISCELLANEOUS

United States District Court
Southern District of Texas

SEP 2 6 2001

Michael N. Milby
Clerk of Court

I, Karen K. Harryman, would like to file a civil action for the denial of a transfer from the Lincoln Post Office in Nebraska, to the Dallas Post Office in Texas.

I was a postal employee for over 13 years, from 1984 to 1997. Through this period I was a single parent raising 3 small children. I worked when my 8 mo old son was in the hospital with pneumonia, took them to daycare sick when they should have been home, did the best I could; put my job first. I was a hard worker & did my part, all I wanted was a transfer to Dallas for family reasons.

In the summer of 1996, I worked at the Post Office in Lincoln Nebraska with my 2 children, one had already moved down to Dallas Texas to live with his father. My middle teenage son (13 yrs old) decided he wanted to try living with his father in Dallas also, I couldn't bear the thought of not seeing another one of my children & I missed the older son so much. So I put in transfers to Dallas, Austin, Waco, anywhere close to my boys.

All of my transfers were denied because of my sick leave balance & safety record — (the only thing on my safety record was a on the job injury from 1995) I never abused my sick leave; I used it when I was sick, I was never put on sick leave restriction, and had gone an entire year without using any sick leave.

- ✱ I used sick leave in 1985 when I had my daughter
- ✱ Used a lot of sick leave in 1995 for a on the job injury - tendonitis.
- ✱ Having children I was exposed to viruses, flu more than someone without children.
- ✱ I have been diagnosed with anemia - makes me prone to illness

My supervisor in Lincoln Nebraska, Delores Risk, gave me a good recommendation to the Dallas Post Office.

After Dallas denied my transfer, I wrote them and asked them to reconsider, sent my medical records, and sent documentation showing I hadn't used any sick leave in over a year. They denied me a transfer again.

Nov 1997 I took a week of vacation went to Dallas, asked Dallas Postal Personnel in person to please reconsider, they wouldn't let me talk to anyone. I drove to several Dallas suberbs to meet with Postmasters. The Postmaster in Lewisville took me into his office + explained that my injury scared him. He already had 4 carriers on light duty with terdentions + couldn't take a risk that if I transfered there I may get the injury back.

While I was in Dallas I looked for a different job + got hired by Frito-Lay, went back to Nebraska, resigned from the Postal Service + moved to Dallas.

In 1998 I wrote Dallas Postal Service Personnel asking to be reinstated with the Postal Service + I was denied again because of unsatisfactory attendence while employed with the Postal Service. When I received the letter in Dec 1998, I filed an EEO against the Dallas Postal Service.

I have two brothers who worked for the Postal Service. One brother Scott Meehan, resigned from Lincoln Post Office a few years ago, 9 months later he was reinstated with the Boise Idaho Postal Service.

My other brother David Meehan has resigned from the Postal Service 2 times, + has been reinstated twice. The last time

he was reinstated was February 2000 and Dallas reinstated him. The same Personel Dept that has denied me. DAVID had a terrible attendence record and had a bad recommendation letter to Dallas from Salt Lake City Utah (the last P.O. he worked at) he only had 60 hours of sick leave, I had 255 to 300 hours.

The employee comparisms Dallas used in their EEO report had nothing in common with my situation. They compared me to a male & female they reinstated, the two had worked for the Post Office for less then a month, resigned, then Dallas reinstated them in another position. They compared a 13 year employee to a 3 week.

The 2 denial reinstatements they compared me to one only had a year with the Post Office, had bad attendence, & pending criminal charges. The other one was a male, worked 11 yrs, had leter of warning in his file, suspensions, rated unreliable & had step deferments. I had none of these, my file was clean & always had been.

None of the comparisons stated whether they had children, or how many hours of sick leave.

pg 4.

In closing, I'm fighting for my job with the Post Office with no break in service since 1984 to today, all my years in, back pay, of what I should have earned if they would have transferred me in 1997, which they should have, I was <u>over</u>-qualified for a reinstatement/transfer, and have always been an excellent employee. I just had a family to raise... My transfer was a family emergency!

I was discriminated against because I was a single white female, with a past on the job injury. In Dallas white females are a minority in the Postal Service.

I didn't win my EEO case because I couldn't afford an attorney. There was a lot of legal terms I didn't understand. I feel there is enough evidence on my case, I just need help.

phone # 956-542-7194
956-440-8159

Karen K. Harryman
504. E. Jefferson
Brownsville, Tx 78520



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Karen K. Harryman,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service
(Southwest Area),
Agency.

Appeal No. 01A13207

Agency No. 1G754004699

Hearing No. 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x

DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts the complainant's appeal from the agency's final order in the above-entitled matter. Complainant alleged that she was discriminated against on the bases of sex (female) and disability (tendonitis) when she received a letter from a Human Resources Specialist denying her request for reinstatement. After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to **AFFIRM** the agency's final order, because the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that discrimination occurred.

STATEMENT OF RIGHTS - ON APPEAL

RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2                                                                                              01A13207
                                                                                                1G754004699

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to

file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

JUL 1 9 2001

Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

JUL 1 9 2001

Date

*R Byrd*

Equal Opportunity Assistant